## In re Clerks of Quarter Sessions

BROWN, Deputy Attorney General, June 2, 1943.—Your departments have jointly asked to be advised as to the procedure to be followed by the various clerks of courts of quarter sessions in the several counties of the Commonwealth in collecting and transmitting fines

and penalties which are payable to the Commonwealth, or any of its departments, boards, or commissions.

We understand that in a limited number of instances only do the clerks of courts of quarter sessions now file monthly reports with the Department of Revenue, and we also understand that in many instances the clerks of courts of quarter sessions remit directly to the various departments, boards, or commissions the sums allocable to them under the law.

The failure to make monthly reports to the Department of Revenue has resulted in confusion. In fact, an uncertainty as to procedure has developed. The practice of the clerks of courts remitting directly to departments, boards, or commissions is not only illegal, as will be developed hereinafter, but has added further to the confusion which obtains.

The above is the basis, as we understand it, for your request for an opinion.

This matter is covered generally by The Fiscal Code of April 9, 1929, P. L. 343, as amended by the Act of June 1, 1931, P. L. 318, 72 PS §901 et seq. Section 901 of this act provides as follows:

"Section 901. Reports to the Secretary of Revenue.— On the first Monday of each month, it shall be the duty of each city and county officer to render to the Department of Revenue, under oath or affirmation, returns of all moneys received during the preceding month for the use of the Commonwealth, designating, under proper headings, the source from which such moneys were received, and to pay the same into the State Treasury, through the Department of Revenue, less any compensation and reimbursement for expenses allowable by law for having made the collections."

Of course, a clerk of a court of quarter sessions is a county officer and it is not deemed necessary to cite any authority for this proposition. Such clerks are, therefore, amenable to section 901, supra.

It follows that it is the duty of each such clerk to make a monthly report to the Department of Revenue showing all receipts of money for the use of the Commonwealth, and designating the source from which such moneys were received. The duty is also upon the clerk to pay such moneys so received into the State Treasury through the Department of Revenue, the clerk being authorized, however, to deduct any item of salary or expense allowable by law for the making of the collections.

Two duties devolve upon the Department of Revenue upon receipt of such monthly checks and reports. The Department of Revenue must determine the department, board, or commission to which the funds are allocable, and it must transmit the check itself to the State Treasurer, together with completed transmittal forms from each department, board, or commission for the proportionate amount of the funds to which that department, board, or commission is entitled. According to established practices of the department the responsibility for the completion of these transmittal slips is upon the revenue agent in the department, board, or commission on the account of which the funds are collected.

Section 902 of The Fiscal Code, supra, provides for the settlement of the account against the clerk of the court of quarter sessions upon receipt of each monthly report by the Department of Revenue, and requires the settlement to be forwarded to the Department of the Auditor General for audit and approval, as in the case of tax settlements. Subsequent procedure shall also be the same as in the case of tax settlements. Provision is made in section 901, however, that a final discharge shall not be granted to the clerk of courts until the accounts and dockets of the clerk shall have been audited by the Department of the Auditor General.

The audit upon which the final discharge shall be granted to the clerk of courts is the audit which the

Auditor General makes periodically, of the books, dockets, and records of such officer, one of these audits being made at least annually. If such an audit is at variance with audits of settlements theretofore made during the period covered by the audit, then upon notice of such variance, and within 30 days thereof, the Department of Revenue shall resettle, as in the case of tax resettlements, in accordance with the facts and transmit such resettlement to the Auditor General for approval.

Section 903 of The Fiscal Code, supra, provides that in case of failure of the clerk of courts to make the return to the Department of Revenue, the Secretary of Revenue, or his agent, is authorized to examine the accounts of such officer and upon information obtained from such examination the Department of Revenue shall settle an account against such officer. In such settlement the Department of Revenue shall add not to exceed 50 percent to the amount of the settlement to provide for any losses which might otherwise result to the Commonwealth from the neglect or refusal of the officer to furnish the return.

The provisions of section 903 are plain and must be followed literally.

Sections 904 and 905, respectively, provide for interest charges which are to be made against the clerk of courts upon the amount which the settlement shows to be due from the officer, and for a resettlement of accounts upon the request of the Auditor General.

In conformity with the requirement of section 902, that a matter of this kind be dealt with in the manner of all tax settlements, it follows that a clerk of a court of quarter sessions is entitled: (1) To notice which will afford him opportunity to petition for a resettlement; (2) to petition for a resettlement in case he is dissatisfied with the settlement made; (3) to file a petition for review with the Board of Finance and Revenue; and (4) to appeal thereafter.

It is our opinion and you are, therefore, accordingly advised that:

1. It is the duty of each clerk of each court of quarter sessions of this Commonwealth to file a monthly report of the fines and penalties collected by such court which are payable to the Commonwealth or any of its departments; to disclose the source of such fines or penalties; and to transmit a check therefor to the State Treasurer *through* the Department of Revenue. Such accounts shall be settled and the funds disposed of in the manner prescribed by The Fiscal Code, being the Act of April 9, 1929, P. L. 343, as amended by the Act of June 1, 1931, P. L. 318.

2. It is improper for a clerk of such a court to transmit State moneys otherwise.

3. A clerk of such a court who fails or neglects to make such monthly report, or so to transmit his check, is subject to the penalties provided in The Fiscal Code.